IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| CARRIEANN CASH, | * |
| Plaintiff, | * |
| v. | * Civil Case No. GLR-17-2171 |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION, | * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## REPORT AND RECOMMENDATIONS

Pursuant to Standing Order 2014-01, the above-referenced case was referred to me to review the pending dispositive motion and to make recommendations pursuant to 28 U.S.C. § 636(b) and Local Rule 301.5(b)(ix). [ECF No. 4]. Plaintiff Carrieann Cash filed this action *pro se* under the Social Security Act, 42 U.S.C. § 405(g), seeking review of the denial of her claims for benefits by the Social Security Administration ("the Commissioner"). [ECF No. 1]. The Commissioner has filed a motion to dismiss on the basis that Ms. Cash filed her civil action outside the applicable statute of limitations. [ECF No. 10]. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md. 2016). For the reasons stated below, I recommend that the Commissioner's motion to dismiss be granted.

On October 26, 2015, the ALJ issued an unfavorable decision, finding that Ms. Cash was not disabled within the meaning of the Social Security Act. [ECF No. 10-2, at 69-81]. In a Notice of Disapproved Claim ("Notice") dated May 22, 2017, the AC denied Ms. Cash's request for review and stated, in relevant part:

> You have 60 days to file a civil action (ask for court review). The 60 days start the day after you receive this letter. We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period.

*Id.* at 92. The Notice was later mailed on May 25, 2017. [ECF No. 13-1, at 5].

On August 1, 2017, Ms. Cash petitioned this Court to review the Commissioner's final decision to deny her claims for benefits. [ECF No. 1]. On October 13, 2017, the Commissioner filed a Motion to Dismiss on the basis that Ms. Cash failed to file her civil action within the applicable statute of limitations. [ECF No. 10-1]. On November 8, 2017, Ms. Cash filed a response in opposition to the Commissioner's motion, contending that she did not receive the Notice within the statutory time period. [ECF No. 13]. This Court issued an order on November 30, 2017, instructing the Commissioner to consider Ms. Cash's response and supporting documentation. [ECF No. 14]. On December 12, 2017, the Commissioner filed a response to this Court's order. [ECF No. 15].

The Commissioner argues that Ms. Cash's complaint fails to state a claim upon which relief can be granted, because it was not filed within the applicable statute of limitations, and Ms. Cash did not request an extension of the deadline. [ECF No. 10-1, at 3]. Congress has authorized lawsuits seeking judicial review of decisions by the Commissioner only under certain limited conditions, including specified filing deadlines. *City of Tacoma v. Taxpayers of Tacoma*, 357 U.S. 320, 336 (1958). The limitations period must therefore be strictly enforced, absent: (1) an agreement by the Commissioner to toll the deadlines, or (2) a valid basis for equitable tolling of the deadlines. "[B]ecause of the importance of respecting limitations periods, equitable tolling is appropriate only 'where the defendant has wrongfully deceived or misled the plaintiff in order to conceal the existence of a cause of action.'" *Kokotis v. U.S. Postal Serv.*, 223 F.3d

275, 280 (4th Cir. 2000) (quoting *English v. Pabst Brewing Co.*, 828 F.2d 1047, 1049 (4th Cir. 1987)).

In response to the Commissioner's motion, Ms. Cash contends that she did not receive the Notice until June 1, 2017, and was not required to file an appeal until August 2, 2017. Although Ms. Cash provided documentation showing that the Notice was not mailed until May 25, 2017, she has failed to provide any evidence, beyond handwritten notes, to support her allegation that she did not receive the Notice until June 1, 2017. The Commissioner did not accept that allegation as sufficient proof of receipt on June 1, 2017. [ECF No. 15, at 4-5]. Even viewing the circumstances in the light most favorable to Ms. Cash and using the mailing date from the postmark, instead of the letter, under the presumption set forth by Social Security regulations, Ms. Cash received the Notice on May 30, 2017—five days after the letter was mailed—and therefore was required to file a complaint on July 31, 2017. *See* 20 C.F.R. §§ 404.901, 422.210(c). Ms. Cash did not file her action until August 1, 2017. [ECF No. 1]. Moreover, Ms. Cash has not alleged, and the record does not reflect, any misconduct on the part of the Commissioner in this case. As a result, equitable tolling is not warranted. Ms. Cash filed her case after the statutory limitations period had run. Accordingly, the Commissioner's Motion to Dismiss must be granted.

For the foregoing reasons, I recommend that the Commissioner's Motion to Dismiss, [ECF No. 10], be granted. Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Fed. R. Civ. P. 72(b) and Local Rule 301.5.b. I direct the Clerk to mail a copy of this Report and Recommendations to Plaintiff at the address listed on the docket.

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings, conclusions, and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a *de novo* review of the determinations contained in the report and such failure shall bar you from challenging on appeal the findings and conclusions accepted and adopted by the District Judge, except upon grounds of plain error.

Dated:  January 3, 2018                                             /s/                       
Stephanie A. Gallagher
United States Magistrate Judge